UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN
DON DeNARDO, KENNETH KLEMENS, JOHN F. O'HARE,
DENISE M. RICHARDSON and ERNESTO TERSIGNI,

**COMPLAINT**

Plaintiffs,

14-CIV-

-against-

14 CV 10189

PAUL J. SCARIANO, INC.,

Defendant.

JUDGE BRICCETTI

----------------------------------------------------------------X

Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO (collectively referred to hereafter as "Plaintiffs LOCAL 14 TRUST FUNDS"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover fringe benefit contributions owed to employee fringe benefit trust funds and for breach of the terms and conditions of a collective bargaining agreement, respectively.

## JURISDICTION

2.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3.  Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below Defendant PAUL J.

SCARIANO, INC. ("SCARIANO") resides and has its principal place of business located in the City of Yonkers, County of Westchester, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 14 TRUST FUNDS maintain the subject plans at offices located at 141-57 Northern Boulevard, Flushing, New York.

5. EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN, DON DeNARDO, KENNETH KLEMENS, JOHN F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI are Trustees of the LOCAL 14 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

8. Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiffs LOCAL 14 TRUST FUNDS also serve as the collection agent for union assessment (dues checkoff) and political action committee payments which are remitted from contributing employers such as the Defendant on behalf of those union members who have authorized the payment of same from their wages.

10. Upon information and belief, Defendant SCARIANO was and still is a New York corporation with its principal place of business located at 916 Old Nepperhan Avenue, Yonkers, New York.

11. Upon information and belief, Defendant SCARIANO was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant SCARIANO was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant SCARIANO is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

14. Plaintiffs LOCAL 14 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive with the same force and effect as though more fully set forth at length herein.

15. At all times relevant hereto, Defendant SCARIANO agreed to be bound by the terms and conditions of a collective bargaining agreement with the International Union of Operating Engineers Local14-14B, AFL-CIO ("Local 14") (hereinafter referred to as the "Collective Bargaining Agreement") dated February 14, 2005.

16. Local 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 141-57 Northern Boulevard, Flushing, New York.

17. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant SCARIANO consented to the performance of an audit of its books and records to determine whether said

Defendant had made all of the required fringe benefit contributions as well as union assessment (dues checkoff) and political action committee payments to Plaintiffs LOCAL 14 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of March 1, 2011 through June 30, 2014.

18. That on or about November 25, 2014, the results of said audit were detailed by the auditor for Plaintiffs LOCAL 14 TRUST FUNDS which determined that Defendant SCARIANO had failed to provide the contractually required (a) fringe benefit contributions, along with the required (b) union assessment (dues checkoff) and (c) political action committee payments for the period of March 1, 2011 through June 30, 2014 in the amount of $3,697.19.

19. Defendant SCARIANO remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 TRUST FUNDS as detailed above.

20. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant SCARIANO, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $3,697.19.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS)

21. Plaintiffs LOCAL 14 TRUST FUNDS repeat and reallege each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22. The failure of Defendant SCARIANO to make the required fringe benefit contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS for the period audited of March 1, 2011 through June 30, 2014 in the amount of $3,697.19 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

23. Defendant SCARIANO remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 TRUST FUNDS as detailed above.

24. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

25. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant SCARIANO and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $3,697.19, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, auditor's fees and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the First Cause of Action as follows:

1. Of Defendant PAUL J. SCARIANO, INC. in the amount of contributions, union assessment (dues checkoff) and political action committee payments determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $3,697.19.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Second Cause of Action as follows:

1. Of Defendant PAUL J. SCARIANO, INC. in the amount of contributions, determined to be due and owing to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $3,697.19, together with:

    a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b. Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c. Attorneys' fees, auditor's fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

    d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       December 30, 2014

                Yours, etc.

                BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
Attorneys for Plaintiffs
I.U.O.E. Local 14-14B Trust Funds
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293